**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| SCOTT KELLY HANSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:12-CV-15-JMS-WGH |
| | ) | |
| WARDEN CHARLES L. LOCKETT, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Selected Matters**

**I.**

Even though the court previously granted the plaintiff's request to proceed in forma pauperis, he shall have **through April 10, 2012**, in which to **supplement** his motion to proceed *in forma pauperis* by identifying each instance in which, as a party to a lawsuit or an appeal in federal court, that suit or appeal was dismissed as frivolous, malicious, or fail to state a claim upon which relief could be granted.

**II.**

The **clerk shall change** the nature of suit code from 550 to 555.

**III.**

The plaintiff's motion for leave to file an amended complaint [6] is **granted**. Inasmuch as the amended complaint was filed on February 29, 2012, the **only action to be taken at this point is to send the plaintiff a copy of the amended complaint with his copy of this Entry.**

# IV.

## A.

The plaintiff's motion for temporary restraining order [10] to compel prison authorities to permit and arrange for a telephone call between the plaintiff and his aging father is **denied**.

## B.

Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.,* 434 U.S. 1345, 1347 n.2 (1977).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (citation omitted). An injunction is an equitable remedy so its issuance is one which falls within the sound discretion of the district court. *See Hecht Co. v. Bowles*, 321 U.S. 321, 329 (1944). A court may issue a stay pending appeal or an order granting interim injunctive relief only when the movant demonstrates: (a) he is likely to succeed on the merits; (b) that he is likely to suffer irreparable harm in the absence of preliminary relief; (c) that the balance of equities tips in his favor; and (d) that an injunction is in the public interest. *Winter v. NRDC, Inc.*, 129 S. Ct. 365, 374 (2008). The "movant has the burden to show that all four factors . . . weigh in favor of the injunction." *Davis v. Pension Benefit Guar. Corp.,* 571 F.3d 1288, 1292 (D.C.Cir. 2009).

The reasons for the denial of the plaintiff's motion for temporary restraining order include the following:

1. The concerns present in such motion are not legally extraordinary.

2. Process has not been issued to any of the defendants and the court has not acquired *in personam* jurisdiction over any of the defendants.

3. It has not been determined whether a legally viable claim is asserted in the amended complaint. Thus, the screening required by 28 U.S.C. § 1915A(b) has not been conducted. Given the length and complexity of the complaint, this screening step will be significant.

4. The relief sought by the plaintiff would not be consistent with the Supreme Court's recognition that prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." *Wolff v. McDonnell,* 418 U.S. 539, 566 (1974). As noted in *Fox v. Rodgers,* 2009 WL 891719 (E.D.Mich. 2009), any injunction issued against prison

officials dealing with the day-to-day operation of the prison system may cause substantial harm to both public and private interests. Routine prison operations are related to security concerns, *see, e.g., Walker v. Hughes,* 558 F.2d 1247 (6th Cir. 1977), and are matters with which the federal courts should be reluctant to interfere.

5. Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the court is bound by the requirement that as a preliminary matter, a case or controversy actually exists. *City of Los Angeles v. Lyons,* 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.,* 454 U.S. 464, 471 (1982). As suggested by the observation in paragraph 3 above, if the amended complaint fails to state a viable claim for relief the action will have to be dismissed, see *Jones v. Bock,* 127 S. Ct. 910, 921 (2007)(pursuant to 28 U.S.C. § 1915A(b), "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief"), and there would be no case or controversy sufficient to support the court's limited jurisdiction.

6. Additionally, a preliminary injunction involving conditions of confinement at a prison must be "narrowly drawn, extend[ ] no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). The relief sought in the motion for a temporary restraining order makes it unlikely this statutory command could be satisfied.

## C.

Based on the ruling in Part IV.A. of this Entry, the ancillary motions [3, 4, 7, and 9] are each **denied**.

**IT IS SO ORDERED.**

Date: 03/08/2012

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Scott Kelly Hansen
40835-060
Terre Haute USP
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808