UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| SCOTT KELLY HANSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No. 2:12-cv-00015-JMS-WGH |
| CHARLES L. LOCKETT, | ) | |
| M STEPHENS, | ) | |
| T. ROYER, | ) | |
| J. EDWARDS, | ) | |
| | ) | |
| Defendants. | ) | |

**E N T R Y**

The **clerk shall note** the plaintiff's change of address as shown in the distribution portion of this Entry.

Scott Hansen is a prisoner as defined in 28 U.S.C. § 1915(h). His complaint is therefore subject to the screening required by 28 U.S.C. § 1915A(b).

"A complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

"Relief from misconduct by federal agents may be obtained either by a suit against the agent for a constitutional tort under the theory set forth in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), or by a suit against the United States under the Federal Tort Claims Act . . . which permits claims based upon misconduct which is tortious under state law. 28 U.S.C. '' 1346(6), 2680." *Sisk v. United States,* 756 F.2d 497, 500 n.4 (7th Cir. 1985). Hansen has opted for the *Bivens* route here, suing Federal Bureau of Prisons ("BOP") employees based on events alleged to have transpired within a BOP facility in Terre Haute, Indiana. *Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers . . . ." *King v. Federal Bureau of Prisons,* 415 F.3d 634, 636 (7th Cir. 2005). Jurisdiction for such a claim is derived from 28 U.S.C. § 1331.

To maintain an action under 28 U.S.C. § 1331, the plaintiff "must allege a violation of the United States Constitution or a federal statute." *Goulding v. Feinglass,* 811 F.2d 1099, 1102 (7th Cir. 1987). Personal involvement must be shown. Because "vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1948 (2009).

The plaintiff shall have **through September 12, 2012**, in which to **supplement** his complaint by setting forth a plausible claim for relief against each of the defendants.

**IT IS SO ORDERED.**

Date: 08/20/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Scott Kelly Hansen
40835-060
Community Corrections Office
Old NC 75 Hwy
Butner, NC 27509